IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANTHONY GAGLIARDI | : | No. 04-0796 |

## MEMORANDUM

**Padova, J.**                                                              **January 14, 2008**

Defendant Anthony Gagliardi has filed, for the third time, a motion pursuant to 18 U.S.C. § 3145(c) that seeks his release pending the appeal of his conviction and sentence. For the reasons stated below, the motion is denied.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 27, 2005, Defendant was found guilty of violating 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846. He was sentenced on August 17, 2006 to a term of 180 months imprisonment. On April 3, 2007, Defendant filed a "Motion for Release Pending Appeal Following 18 U.S.C.A. § 3145(c): Under Expedited Basis" (Docket No. 215).[1] We denied this motion on June 6, 2007 on the ground that Defendant had failed to demonstrate that his appeal raised a substantial question of law or fact likely to result in reversal, a new trial, or a new sentence, as required by 18 U.S.C. § 3143(b).

On July 13, 2007, Defendant filed a "Motion for Reconsideration of Release Pending of Appeal Following 18 U.S.C.A. § 3145(c): Expedited Basis" (Docket No. 217). We denied Defendant's Motion for Reconsideration on July 17, 2007 because he did not point to a manifest

---

[1]Although the motion was not docketed until June 5, 2007, Defendant dated and signed his motion April 3, 2007.

error of law or fact, nor did he identify any newly discovered evidence. Currently before us is Defendant's motion titled "Motion Containing 'New Evidence' for Reason 'To Release' Pending Appeal Following 18 U.S.C.A. § 3145(c): Expedited Basis" (Docket No. 219). On November 28, 2007, we ordered the Government to file a response to Defendant's motion. The Government filed its response on December 12, 2007.[2]

## II.    STANDARD

Section 3145(c) provides, in pertinent part, that a defendant who has been sentenced and detained pending an appeal may be released if there are exceptional reasons why such person's detention would not be appropriate and if such person meets the requirements of § 3143(b)(1). See 18 U.S.C. § 3145(c). Section 3143(b)(1) requires that a defendant be detained pending an appeal unless there is clear and convincing evidence that he is not likely to flee or pose a danger to others or the community, and the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a new sentence without a term of imprisonment, or a reduced sentence less than the time already served. See 18 U.S.C. § 3143(b)(1). The Defendant has the burden of proving these elements. United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985).

---

[2]Courts have disagreed as to whether a district court can properly consider motions brought pursuant to 18 U.S.C. § 3145(c). Compare United States v. Garcia, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003) (holding that district courts have authority to consider such motions) and United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991) (same), with United States v. Chen, 257 F. Supp. 2d 656, 659-60 (S.D.N.Y. 2003) (holding that district courts do not have authority to consider such motions), and In re: Sealed Case, 242 F. Supp. 2d 489, 490-93 (E.D. Mich. 2003) (same). In its Response, the Government contends that we do have jurisdiction to address Defendant's motion. The United States Court of Appeals for the Third Circuit has not spoken on this issue. For the purposes of disposing this motion, we assume that we have the authority to properly consider the instant motion.

III.     **DISCUSSION**

A.     Whether we should reach the merits of Defendant's Motion

Defendant filed two previous pro se motions pursuant to 18 U.S.C. § 3145(c).  Although the current motion is not styled as a motion for reconsideration, Defendant essentially asks us to reconsider our previous rulings on his § 3145(c) motions in light of "new evidence."[3]  In his original § 3145(c) motion, in order to satisfy the requirement that his appeal must raise a substantial question of law or fact likely to result in reversal, he merely asserted that "[t]rials are likely to present errors." We denied this original motion on the grounds that this bald assertion did not satisfy the requirements for release pending appeal.  Defendant then filed a motion for reconsideration in which he stated that he had since filed his appellate brief and identified thirteen issues for review. Defendant also stated that each and every issue raised on appeal could be found in the trial transcript, pre-trial hearing transcripts, and the grand jury transcripts.  Defendant did not assert that the issues identified on appeal were unknown to him at the time that he filed his original § 3145(c) motion or that he did not have access to the trial transcripts in order to be able to identify his appellate issues.[4] Consequently, we denied Defendant's motion for reconsideration in part because he failed to identify newly discovered evidence.

Defendant now essentially asserts in the instant motion that we erred in denying his motion for reconsideration because he had not received his trial transcripts as of the date he filed his original

---

[3]The only newly discovered evidence that Defendant alludes to in his motion is the fact that a university in Virginia has developed two new medications for the treatment of hepatitis C, a disease from which Defendant suffers, and that he has been told by the prison doctor that the Bureau of Prisons does not have the money to provide Defendant with these new medications.

[4]Defendant did, however, assert in his original § 3145(c) motion that, as of the filing of that motion, he had not received any transcripts in his case.

motion, and therefore, the issues raised on appeal were in fact unknown to him at that time.  In the interest of judicial economy, and because Defendant is pro se, we now address the merits of his Motion considering all of the arguments and factual averments he has made thus far with respect to the requirements for release pending appeal.

        B.      The Merits of Defendant's Motion

In order to be released pending his appeal, one of the elements Defendant must demonstrate is that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a new sentence that either does not include a term of imprisonment or includes a term of imprisonment that is less than the time he has already served.  See 18 U.S.C. §§ 3143(b)(1) and 3145(c).  We find that Defendant has not met his burden of demonstrating that his appellate issues raise a substantial question of law or fact.

The United States Court of Appeals for the Third Circuit has instructed that a substantial question requires that the issue on appeal be significant in addition to being novel, not governed by controlling precedent, or fairly doubtful.  United States v. Smith, 793 F.2d 85 (3d Cir. 1986).  Smith also held that a legal or factual question is deemed significant if it is "debatable among jurists or adequate to deserve encouragement to proceed further."  Id. at 90.

According to Defendant, he has raised the following appellate issues: a Brady violation concerning a withheld Proffer Agreement of Government witness Thomas Carmean; a second Brady violation based on the Government's refusal to disclose "the transaction/offense date of October 3, 2002" after Defendant requested that the Government tell him the dates of any transactions for which it would be presenting evidence at trial; trial court error by allowing him to proceed pro se despite knowledge of his various mental impairments; and numerous claims of prosecutorial misconduct.

4

In addition, Defendant includes a long list of issues he states he has raised on appeal: insufficient evidence, inconsistent verdict and interrogatories, deficient jury instructions, denial of a motion for a bill of particulars, denial of motion for expert witness, structural error, abuse of discretion, juror misconduct, and notice of priors for sentencing. Many of the issues Defendant asserts he has raised on appeal were previously raised or are related to issues previously raised in his Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33. That motion was denied in its entirety on July 5, 2005.

Defendant's first claim of a Brady violation asserts that the Government withheld the Proffer Agreement of Government witness Thomas Carmean. Defendant asserts that the Government gave him a "Non Relevant Report # 54" and withheld the "Relevant Report #54" until after trial. Defendant asserts that his cross-examination of Thomas Carmean during trial is "proof that [Defendant] did'nt [sic] have the very 'Relevant Report #54.'" Defendant does not attach a copy of the report that he claims was turned over to him prior to trial, or a copy of the report that he claims was withheld until after trial. Defendant's bald assertion that the trial testimony alone is proof of a Brady violation is insufficient for us to find that he has met his burden of demonstrating that this claim raises a substantial question of law or fact.

Defendant next claims that the Government violated Brady when it refused to disclose "the transaction/offense date of October 3, 2002." Defendant claims that this date did not appear on the "Declaration" to the Court by the Assistant United States Attorney, and that this caused him to believe that no other transaction dates existed. Defendant contends that the A.U.S.A.'s "false declaration" can be clearly seen in the May 6, 2005 hearing transcript at pages 21 through 26. The pages of the transcript cited by Defendant include the argument on Defendant's motion for a bill of

particulars.  In that motion, Defendant argued that the indictment was vague because it alleged that, some time between August and September 2002, an individual named Steven Carnivale twice gave Defendant half a kilogram of cocaine.  Defendant sought the dates of the transactions that the Government was planning to offer at trial.  At the hearing, we instructed the Government to list the dates.  (N.T. 5/6/2005 at 23:6.)  The Government listed the following offenses and dates: (1) in or about August or September 2002, on two separate occasions, Defendant received approximately one half kilogram of cocaine for distribution; (2) on or about October 8 or 9, 2002, Defendant received approximately one half kilogram of cocaine for distribution; (3) on or about October 29, 2002, Defendant arranged to possess for distribution approximately two kilograms of cocaine; (4) on or about November 14, 2002, he received approximately one half kilogram of cocaine; (5) on or about November 18, 2002, Defendant received approximately one half kilogram of cocaine; and (6) on or about December 8, 2002, Defendant attempted to possess for distribution approximately two kilograms of cocaine.  (Id. at 23:8-25.)  Defendant stated that he wanted a more specific date than "in or about August or September 2002."  (Id. at 24:3-4.)  The Government  asserted that this was as specific as it could be on the dates for these two transactions.   (Id. at 24:12.)  Defendant asserts that during the trial there was testimony that one of the drug transactions occurred on October 3, 2002, and that this was the first time this transaction date was ever mentioned.  Defendant claims that he was set-up and ambushed by a transaction date that he was led to believe was unknown. Defendant, however, does not point to any evidence to indicate that the Government knew prior to trial of the specific date of October 3, 2002 as the date for one of the drug transactions.  We find, therefore, that Defendant has not demonstrated that this claim raises a substantial question of law or fact on appeal.

Defendant next contends that we erred by allowing him to proceed pro se even though we were aware of his mental impairments.  We find that this claim does not raise a substantial question of law or fact.  The right to counsel embodied in the Sixth Amendment includes the corollary right to proceed pro se.  United States v. Peppers, 302 F.3d 120, 129 (3d Cir. 2002).  Thus, a defendant who chooses to represent himself must be allowed to make that choice, even if it ultimately works to his detriment.  Id. at 130 (quoting Faretta v. California, 422 U.S. 806, 834 (1975).  In such situations, the court has the responsibility of conducting a sufficiently penetrating inquiry to satisfy itself that a defendant's waiver of counsel is knowing and voluntary.  Peppers, 302 F.3d at 130.  On February 10, 2005, we conducted a hearing in which we addressed Defendant's motion to proceed pro se.  At the hearing, Defendant took the stand and testified that he understood the indictment and wanted to represent himself.  (N.T. 2/10/2005 at 36:8-11.)  When asked what it meant to represent himself, Defendant testified that he would be asking questions of witnesses, giving an opening statement, and making a closing argument.  (Id. at 36:16-18.)  Defendant recognized that many people had advised him against representing himself, but that he had read books on how to represent himself, and that because he knew exactly what happened, he would be better able to ask questions of the witnesses.  (Id. at 37:19-24.)  Defendant had also represented himself in two prior criminal matters.  (Id. at 38:3.)  On cross-examination, Defendant admitted that he suffered from post-concussion syndrome and acute depression.  (Id. at 41:1-3.)  There was also evidence that Defendant was seeing a psychotherapist weekly for more than a year, and that his mental processing was often compromised by a severe depressive disorder.  (Id. at 44:2-15.)  Defendant, however, insisted that with his medications his mental processing was not compromised and that he was able to think clearly and articulate his thoughts.  (Id. at 47:4-15.)  Defendant also testified about a civil suit he

filed against the A.U.S.A. in this matter and other government officials alleging that they were involved in a conspiracy to murder him.  (<u>Id.</u> at 48:3-49:3.)   This allegation stemmed from Defendant's alleged failure to receive his various medications while in custody.  Defendant stated he believed that, in order to cause him pain, suffering, and potentially death, the A.U.S.A. and other government officials refused to provide him with his medications.  (<u>Id.</u> at 52:6-8.)

We also questioned Defendant.  Defendant testified that he had not studied law, that he had done some reading on how to handle criminal cases, and that he understood that there were rules of evidence.  (<u>Id.</u> at 57:6-58:25.)  Defendant also stated that he understood the crimes with which he was charged in the indictment, the elements of each offense, the applicable burden of proof, and the penalties he would face if found guilty.  (<u>Id.</u>)  We also repeatedly urged Defendant not to represent himself. Based on our colloquy with Defendant and his testimony, we found that Defendant knowingly, understandably, and intelligently waived his right to counsel under the Sixth Amendment, and granted his motion to represent himself.  (<u>Id.</u> at 74:5-75:15.)  In reaching our conclusion, we noted that Defendant followed the questioning of him in every respect, his answers were responsive to the questions, and he took issue with what he regarded were some of the implications of the Government's questions.  (<u>Id.</u>)  We see no cause to conclude that our  ruling presents a substantial issue on appeal that warrants Defendant's release.

Similarly, Defendant's claims of prosecutorial misconduct do not present a substantial issue on appeal.  In his Motion for a New Trial, Defendant also raised claims of prosecutorial misconduct on various grounds such as allowing a witness to testify even though the Government knew the witness would commit perjury, refusing to provide a bill of particulars, introduction of newly discovered evidence, and interference with witness availability.  We found that each of these

arguments were meritless.  To succeed on a claim of prosecutorial misconduct, Defendant must prove not only that the prosecutorial misconduct in fact occurred, but also that it rose to such a level as to render the jury's verdict unreliable.  United States v. Walker, Civ. A. No. 94-488, 2000 U.S. Dist. LEXIS 4774 (E.D. Pa. Apr. 4, 2000) (citation omitted).  Given this burden to succeed on a claim of prosecutorial misconduct, the fact that we have previously denied such claims in this matter, and the fact that the evidence of guilt in this case was substantial (see Memorandum Order dated July 5, 2005 at 20), we find that Defendant's claims of prosecutorial misconduct do not present substantial questions on appeal that warrant his release.

Defendant's next claim is that there is insufficient evidence to support a guilty verdict.  We find that this claim does not raise a substantial question of law or fact.  We have previously noted that the Government presented substantial evidence in this case in the form of witness testimony and audio and video recordings that indicated that Defendant was a member of a drug conspiracy and attempted to possess cocaine with intent to distribute.  See Memorandum Order dated July 20, 2005 at 20.  As the evidence in this case is clearly sufficient to support the jury's verdict, this claim does not raise a substantial question on appeal.

We have reviewed the remaining claims Defendant asserts he has raised on appeal.  He does not present any evidence with respect to these claims, and instead makes merely boilerplate allegations of trial error.  Consequently, we find that he has not met his burden of demonstrating that any of them present substantial questions of law or fact.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANTHONY GAGLIARDI | : | No. 04-0796 |

## **ORDER**

**AND NOW**, this 14th day of January, 2008, upon consideration of Defendant's "Pro Se Motion Containing 'New Evidence' for Reason 'To Release' Pending Appeal following 18 U.S.C.A. § 3145(c): Expedited Basis" (Docket No. 219), the Government's Response thereto, and Defendant's "Traverse to Government's Opposition to Bail Pending Appeal" (Docket No. 221), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:


s/ John R. Padova, J
John R. Padova, J.