IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 10-480 |
| v. | : | |
| ANTHONY GAGLIARDI | : | CRIMINAL ACTION NO. 04-796 |

**MEMORANDUM**

**Padova, J.**                                                                                                                                                               **June 1, 2010**

Before the Court is Defendant Anthony Gagliardi's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, we deny the Motion.

**I.    BACKGROUND**

On May 27, 2005, Defendant was found guilty of conspiracy to distribute cocaine, (Count One) and attempted possession with intent to distribute between 500 grams and two kilograms of cocaine on October 29, 2002 (Count Three). The jury returned not guilty verdicts on additional counts of possession with the intent to distribute more than five kilograms of cocaine on October 8 or 9, 2002 (Count Two) and attempted possession with intent to distribute between 500 grams and two kilograms of cocaine on December 8, 2002 (Count IV). Although he originally retained counsel, Defendant filed a pre-trial motion seeking to represent himself. Following the required colloquy, we permitted Defendant to represent himself, with his prior attorney, Donald Manno, serving as standby counsel.

On July 5, 2005, we denied Defendant's post-trial motion.[1] He was sentenced on August 17, 2006, to 180 months imprisonment, to be followed by eight years of supervised release. By

---

[1] In that motion, Defendant asserted that (1) his convictions were based on the perjured testimony of Steven Carnivale; (2) we erred in denying his request for a bill of particulars; (3) there was insufficient evidence to support the jury's verdict; (4) new evidence existed; and (5) the prosecutor had committed misconduct at trial and before the grand jury.

memorandum dated July 3, 2008, the United States Court of Appeals for the Third Circuit thoroughly analyzed each argument made by Defendant and affirmed the convictions. United States v. Gagliardi, 285 Fed. Appx. 11 (3d Cir. 2008).[2] The United States Supreme Court denied

---

[2]Gagliardi made the following arguments in his direct appeal:

1. The Government violated his rights under Brady v. Maryland, 373 U.S. 83 (1963) by failing to inform him that Thomas Carmean, one of the Government's witnesses, had incorrectly identified him in a photo lineup.
2. The Government violated Brady by failing to turn over evidence regarding the drug transaction between him and Steven Carnivale on October 3, 2002.
3. We erred in allowing him to conduct his own defense at trial because he suffered from various physical and mental conditions which prevented him from understanding the nature of his decision and preparing an effective defense.
4. The Government violated Federal Rule of Evidence 404(b) by introducing evidence regarding an October 3, 2002 drug transaction.
5. The Government violated Rule 404(b) by presenting Carnivale's testimony that he sometimes gave Gagliardi small amounts of marijuana.
6. The Government violated Rule 404(b) by introducing testimony associating him with organized crime.
7. The Government committed prosecutorial misconduct by presenting Carnivale's testimony before the grand jury that (a) he met Gagliardi at a meeting with "South Philly mob guys," and (b) Gagliardi took part in extortions, loan sharking, and other illegal activities.
8. There was a fatal variance between the indictment and the evidence presented at trial because, at trial, the government introduced evidence of an October 3, 2002 drug transaction even though that transaction was not mentioned in the indictment.
9. The evidence introduced at trial was insufficient to support the jury's verdict.
10. The jury returned inconsistent verdicts because, while he was convicted of the conspiracy count, he was acquitted of a substantive count of possession with intent to distribute 500 grams of cocaine on October 8 or 9, 2002.
11. We erred by failing to instruct the jury that he had the right to refuse to testify at trial, notwithstanding the fact that he requested, as part of his trial strategy, that such an instruction not be given.
12. We erred in denying his motion for a bill of particulars.
13. He was entitled to a new trial because, he asserted, a juror fell asleep during the trial and because, during deliberations, a deliberating juror inappropriately discussed the case with an alternate juror.
14. He did not receive notice that we would consider a conviction he received in 1991 when calculating his sentence.

2

Defendant's petition for certiorari on March 29, 2009. Defendant's § 2255 motion was timely filed on February 2, 2010.

In the current motion, Defendant raises the following issues:

1. The juror misconduct issue raised on direct appeal arising from an allegedly improper discussion during deliberation between a deliberating juror and an alternate juror.

2. Ineffective assistance of counsel arising from Attorney Manno's failure to raise the prejudice resulting from the juror misconduct.

3. The two Brady violations raised on direct appeal.

4. The Rule 404(b) violations raised on direct appeal arising from the references to marijuana and loan sharking activities.

5. The bill of particulars issue raised on direct appeal.

6. The prosecutorial misconduct issues raised on direct appeal.

7. Improper jury instruction on the definition of reasonable doubt.

8. Structural error arising from egregious activity on the part of the Government causing Defendant to change his mind and not call Antonio Nieves as a witness.

## II. LEGAL STANDARD

Gagliardi has moved for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

## III. DISCUSSION

### A. Claims Raised on Direct Appeal

Several of the claims included by Defendant in his § 2255 motion were the subject of his direct appeal. Specifically, the following claims duplicate arguments that were raised and rejected on direct appeal:

1. The juror misconduct issue arising from an allegedly improper discussion during deliberation between a deliberating juror and an alternate juror (Ground 1).

2. The two Brady violations (Ground 3).

3. The Rule 404(b) violations arising from the references to marijuana and loan sharking activities (Ground 4).

4. The bill of particulars issue raised on direct appeal (Ground 5).

5. The prosecutorial misconduct issues involving the grand jury testimony about "South Philly mob guys," extortion, loan sharking, and other illegal activities (Ground 6).

None of these claims may be reasserted in a motion pursuant to § 2255.

Absent an intervening change in the governing substantive law or other exceptional circumstances, Section 2255 generally "may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citations omitted); see also Davis v. United States, 417 U.S. 333, 342 (1974) (intervening

4

change in governing substantive law that makes petitioner's conviction and punishment unlawful constitutes exceptional circumstances that justify collateral relief under § 2255 after unsuccessful litigation of the issue on direct appeal). If a defendant attempts to raise such errors in a section 2255 motion, the motion will be "procedurally barred." United States v. Jenkins, 333 F.3d 151, 155 (3d Cir. 2003). Because Defendant makes no assertion that an intervening change in the law, or some other exceptional circumstance has occurred since he litigated these issues on direct appeal, we must summarily reject these claims because he is procedurally barred from re-asserting them.

### B. Claims that Defendant Could Have Raised on Drirect Appeal

Two of Defendant's other claims are procedurally defaulted because he could have raised them on direct appeal, but neglected to do so. Specifically, Gagliardi's claims that our supplemental instruction on the definition of reasonable doubt was erroneous (Ground 7), and that the Government committed structural error by causing Defendant to change his mind and not call Antonio Nieves as a witness (Ground 8), are based on issues that arose during the trial and could have been raised on direct appeal.

A defendant cannot raise in a § 2255 motion a constitutional issue that he could have raised on direct appeal, but did not, unless he shows good cause for, and actual prejudice from, his failure to raise the claim on appeal, or demonstrates that he is "actually innocent" of a crime charged. Massaro v. United States, 538 U.S. 500, 504 (2003); Jenkins, 333 F.3d at 155; see also Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009) ("Put differently, a movant has procedurally defaulted all claims that he neglected to raise on direct appeal.") "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."

5

Massaro, 538 U.S. at 504. Cause necessary to excuse a procedural default must be an occurrence beyond a defendant's control that cannot be fairly attributed to him. See McCleskey v. Zant, 499 U.S. 467, 493 (1991) ("In procedural default cases, the cause standard requires petitioner to show . . . 'some objective factor external to the defense. . . .'"). Prejudice necessary to excuse a procedural default means that the alleged error worked to a defendant's "actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis omitted).

Defendant makes no showing of cause and prejudice or a claim of actual innocence.[3] Therefore, we reject the two claims that could have been raised on direct appeal.

### C. Ineffective Assistance of Counsel

The sole claim raised in the § 2255 motion that can be addressed on its merits is Defendant's claim that Attorney Manno – acting as standby counsel – rendered constitutionally ineffective assistance when he failed to raise the issue of jury misconduct. We reject this claim as well.

A claim for ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "'in order to protect the fundamental right to a fair trial.'" Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (quoting Strickland v. Washington, 466 U.S. 668, 684 (1984)). A claim for ineffective assistance of counsel must meet the two-part test advanced by the Strickland court. First, petitioner must show that counsel

> made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

---

[3]Defendant's only assertion of cause and prejudice relates to the issues actually presented in his direct appeal, not the issues upon which he has procedurally defaulted. (See Petitioner's Supplemental Resp. at 1-2, 4.)

Strickland, 466 U.S. at 687. More precisely, a petitioner must show that (1) his attorney's performance was unreasonable under prevailing professional norms, and, unless prejudice is presumed, (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Defendant cannot meet Strickland's prejudice prong. Defendant raised the substantive issue of the alleged juror misconduct in his direct appeal, and the Third Circuit rejected that claim as meritless. Gagliardi, 285 F. Appx at 20. This finding is dispositive on the ineffective assistance claim. Because any objection to the manner in which the Court dealt with the alleged juror misconduct would have been rejected as meritless, counsel cannot be deemed to have acted ineffectively in failing to raise one. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) (stating that there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument) (citations omitted).

Moreover, Gagliardi was representing himself at the trial and Attorney Manno was appointed as standby counsel.[4] Several Courts of Appeal have held that there is no constitutional right to hybrid representation and because there is no constitutional right to standby counsel, a defendant

---

[4]We reject Defendant's assertion that Attorney Manno was acting as primary counsel at the time that the jury misconduct issue arose. Defendant asserts that he was ill and Attorney Manno addressed the Court on the issue. (See 5/25/2005 N.T. at 2-5.) However, Defendant never relinquished his right to self-representation and we continued to direct our comments to him throughout the deliberation phase of the trial. Defendant was present at the side-bar discussion of the issue. (See id. at 5.) At the conclusion of the discussion, we addressed Defendant directly asking if he agreed with the resolution that was discussed:
> THE COURT: Okay. If we get to a situation where we have to substitute alternate number two, then it becomes and [sic] issue and we'll revisit it at that time. Okay? Mr. Gagliardi?
> MR. GAGLIARDI: Yes, sir.
> THE COURT: Okay, thank you.

(Id.)

generally cannot prove standby counsel was ineffective. See United States v. Tilley, 326 F. App'x 96, 96-97 (3d Cir. 2009) (noting no constitutional right to standby counsel); United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997) ("Absent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective.") (citing United States v. Cochrane, 985 F.2d 1027, 1029 & n.1 (9th Cir. 1993) (per curiam) (rejecting ineffective assistance of standby counsel argument in this context without foreclosing argument in future); and United States v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992) (holding that there is no constitutional right to effective assistance of standby counsel)). Accordingly, we reject Defendant's claim of constitutionally ineffective assistance of counsel.

## IV. CONCLUSION

For the foregoing reasons, we conclude that Defendant is not entitled to the relief he seeks. We therefore deny Defendant's § 2255 Motion in its entirety. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.